```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| LOWELL T. McCOLLUM, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 5:11-CV-370-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| MOTORISTS MUTUAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|     Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

The Court has reviewed the Notice of Removal filed in this matter, as well as the Complaint which was originally filed in Madison Circuit Court [DE 1]. In that Complaint, Plaintiff avers that he "has suffered ascertainable loss of money and property" as the result of Defendant's actions. [DE 1-1 at 2,3]. While Plaintiff does not specify an amount of damages sought, he avers that he has incurred damages in an amount that exceeds the jurisdictional minimum of the Madison Circuit Court.[1] *Id.* at 4-5.

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the

---

[1] Kentucky circuit courts are courts of general jurisdiction, having "original jurisdiction of all justiciable causes not exclusively vested in some other court." KRS § 23A.010. Kentucky district courts have exclusive jurisdiction over civil cases in which the amount in controversy does not exceed five thousand dollars ($5,000), exclusive of interests and costs, meaning that the amount in controversy must exceed $5,000.00 in order for jurisdiction of a civil matter to lie in the circuit court of a given county. *See* KRS §§ 23A.010 and 24A.120.

defendants must prove that it is more likely than not that the plaintiffs' claims exceed $75,000." *King v. Household Fin. Corp. II,* 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009) (emphasis in original).  Defendants must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden.  Id. at 960 (defendant offered "mere averments," not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, 'it is clear that the amount in controversy threshold is met'").

In the case at bar, Plaintiff avers that he suffered injury due to Defendant's alleged actions in connection with an insurance policy issued to him by Defendant.  In its Notice of Removal, Defendant relies on Plaintiff's response to Defendant's Requests for Admission, in which Defendant requested, "Admit that your damages exclusive of costs and interest to do not exceed the sum of $75,000.00." [DE 1-3 at 1].  Plaintiff responded, "Admit, so long as my attorney's fees are not included."  *Id.*  Contrary to Defendant's assertion, it is not "apparent" from this response that Plaintiff is seeking damages in excess of $75,000.00.  Further, this admission does not satisfy Defendant's burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement is met.  Additionally, the Court takes notice of

Defendant's Motion to Bifurcate and Stay Discovery. [DE 1-4]. In the Motion, Defendant reports that Plaintiff previously demanded $6,099 to replace the property covered by the insurance policy at issue. *Id.* at 4. Given this low figure, the Court is not persuaded that the amount in controversy, including punitive damages and attorney's fees, exceeds the amount-in-controversy requirement. Unless Defendant can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Madison Circuit Court.

Accordingly, upon the Court's own motion, **IT IS ORDERED** that Defendant shall **SHOW CAUSE** on or before December 2, 2011 why this matter should not be remanded to Madison Circuit Court.

This the 21st day of November, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge