UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| LOWELL T. McCOLLUM, | ) |
| Plaintiff, | ) Civil Action No. 5:11-CV-370-JMH |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| MOTORISTS MUTUAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

On November 17, 2011, Defendant filed a Notice of Removal [DE 1], removing the above-referenced matter from Madison Circuit Court, alleging that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Because of Defendant's failure to demonstrate, in its Notice of Removal, that the statutory amount-in-controversy requirement is satisfied, the Court ordered Defendant to show cause why this matter should not be remanded to state court. [DE 3]. Defendant has filed its Response [DE 5] to the Court's Order and this matter is now ripe for decision. For the following reasons, this matter shall be remanded to state court. *See* 28 U.S.C. § 1447(c).

A defendant seeking to remove a case to federal court has the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); 28 U.S.C. § 1332. When a plaintiff seeks to recover an unspecified amount that

is "not self-evidently greater or less than the federal amount-in-controversy requirement," a defendant can remove the case only by showing that the claim "more likely than not" exceeds the statutory requirement. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *overturned on other grounds by Hertz Corp. v. Friend,* -U.S.-, 130 S.Ct. 1181 (2010). While proof within a legal certainty is not required, *Id.*, the removing defendant must provide competent proof that the requirement is met. *Cleveland Hous. Renewal Project v. Deutsche Bank & Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). In its Response, Defendant failed to offer additional proof of an amount in controversy exceeding $75,000. While the Court agrees that pre-removal requests for admission may serve as competent proof, the admission upon which Defendant relies does not constitute such proof. Plaintiff's admission that his damages do not exceed $75,000.00, so long as attorney's fees are not included, is not the same as an admission that his damages do exceed $75,000.[1] Further, as the Court has already noted, Plaintiff's previous demand of less than $7,000 suggests that the amount in controversy was less than $75,000.01 at the time of removal. [*See* DE 3, p. 3].

Defendant's proffered evidence does not show that, more likely than not, the amount in controversy in this matter exceeds $75,000.

---

[1] The Court has no opinion as to whether Plaintiff's affidavit constitutes a stipulation, particularly in light of the absence of the Court's jurisdiction to further consider the case.

Accordingly, it is hereby **ORDERED** that this case is **REMANDED** to the Madison Circuit Court and the case shall be **STRICKEN** from the Court's active docket.

This the 5th day of December, 2011.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge